IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAILEY DELESTIENNE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 20-1349 |
| ANDREW M. SAUL, *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 2nd day of December 2021, the Court, having considered the parties' motions for summary judgment, will grant Defendant's motion except as to costs.[1]  The Administrative Law Judge's ("ALJ") decision[2] denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381, *et seq.*, is supported by substantial evidence.  Therefore, the Court will affirm the decision.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record . . . contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).[3]

---

[1]  Defendant requests favorable judgment and that costs be taxed against Plaintiff.  (Doc. No. 19, pg. 2).  However, Defendant advances no argument in support of the latter request in his accompanying brief.  Therefore, the Court will deny Defendant's motion in that respect.  *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2]  The ALJ's decision became the final agency decision when the Appeals Council denied Plaintiff's request for review.  20 C.F.R. § 416.1481.

[3]  The ALJ ultimately denied Plaintiff's application for SSI benefits because she determined Plaintiff could work as a mail clerk, electronics worker, or inspector and hand packager. Plaintiff argues that the job requirements for those occupations appear to, if not actually, exceed her abilities, and that the ALJ's failure to address that apparent mismatch warrants remand.  The

Commissioner counters that Plaintiff's abilities and the requirements of those occupations are compatible and, further, that even if they did clash Plaintiff has not shown how the ALJ's failure to address the purported conflict was harmful to her. As explained herein, the Court has considered those arguments and the record, and discerns no error warranting remand.

Whether an SSI claimant can meet the job requirements of a particular occupation is a decision ALJs make at the final step of the five-step evaluation they use for disability determinations. *See* 20 C.F.R. § 416.920(a)(4)(v). In the four preceding steps, the ALJ must (1) ensure the claimant is not "doing substantial gainful activity," (2) find the claimant suffers from a medically determinable impairment that alone or combined with others is severe and meets the duration requirement, (3) determine whether the claimant's impairment(s) meet the requirements for one of the presumptively disabling impairments listed in the regulations, and (4) decide whether the claimant can return to past work despite any limitations arising from her medically determinable impairments. *Id.* § 416.920(a)(4)(i)—(iv). The most a claimant can do despite her limitations is her residual functional capacity ("RFC"). *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000)).

If, in these first four steps, the claimant establishes that her RFC will not permit return to past work, the ALJ asks at step five whether her RFC and vocational characteristics (age, education, and work experience) allow "adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v). At this final step, the burden "shifts to the Commissioner to show that the claimant can perform 'other work,'" *i.e.*, "jobs that exist in significant numbers in the national economy." *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002) (citations omitted). To satisfy that burden, the Commissioner must identify jobs in "one or more occupations" that are suitable for the claimant and exist in "significant number." 20 C.F.R. § 416.966(b). To that end, the ALJ essentially asks two questions: first, what if any occupations are appropriate for the claimant considering her RFC and vocational characteristics? Second, how many jobs in those occupation(s) are available in the claimant's region or "several other regions of the country"? *Id.* § 416.966(a). To answer these questions, ALJs take "administrative notice of reliable job information available from various governmental and other publications." *Id.* § 416.966(d). The Dictionary of Occupational Titles ("DOT") is one such publication. *Id.* § 416.966(d)(1). ALJs may also call on a vocational expert ("VE") to help determine "whether [a claimant's] work skills can be used in other work and the specific occupations in which they can be used," as well as "similarly complex issue[s]." *Id.* § 416.966(e).

Concerning VE assistance, the Social Security Administration ("Administration") has ruled that "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT." SSR 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). Pursuant to that rule, ALJs "ha[ve] an affirmative responsibility to ask about any possible conflict between" job information provided by the VE and job information in the DOT. *Id.* at *4. If the ALJ intends to rely on an opinion offered by the VE, but that opinion "appears to conflict with the DOT," the ALJ must "obtain a reasonable explanation for the apparent conflict" and document the conflict's resolution in her decision. *Id.* If a reviewing court discovers an "unexplained conflict between a VE's testimony and the DOT," it may—but is not required to— reverse the decision. *Jones*, 364 F.3d at 506 n.6. Particularly where the alleged conflict is not

2

explicit, the more important inquiry becomes whether the ALJ's failure to ask about it was harmful. Inquiring thus, reviewing courts consider (1) whether the claimant "seriously argue[s]" that she cannot perform the identified occupation(s), (2) whether the claimant pointed out the inconsistency at the hearing, and (3) whether the jobs identified for the claimant were "representative examples" or an "exhaustive list." *Zirnsak v. Colvin*, 777 F.3d 607, 618—19 (3d Cir. 2014). In *Zirnsak*, the United States Court of Appeals for the Third Circuit found that in the absence of an explicit conflict, the ALJ's failure to discern one did no harm where "the record establishe[d] that Zirnsak could perform" the jobs identified, "Zirnsak's counsel did not identify any inconsistencies between the VE's testimony and the DOT at her hearing," and "the occupations listed by the VE were only 'a couple examples'" of available jobs. *Id.*

In this matter, Plaintiff carried her burden through step four of the five-step evaluation. Accordingly, the ALJ set out at step five to consider whether Plaintiff's RFC and vocational characteristics would permit adjustment to other work and sought a VE's professional opinion by written interrogatories. (R. 21—22, 188). The ALJ had articulated a limited light work RFC for Plaintiff that included, among other limitations, that Plaintiff could only "understand, remember and carry out simple instructions." (R. 17). Necessarily, the ALJ included this RFC as well as Plaintiff's age, education, and work experience in the hypothetical she presented to the VE asking whether such a person would be able to "perform any unskilled occupations with jobs that exist in the national economy." (R. 190—91). The VE responded that despite these limitations, work was available as a mail clerk (195,000 jobs nationally), electronic worker (244,000 jobs nationally), and inspector and hand packager (235,000 jobs nationally). (R. 195—96). The VE assured the ALJ that his opinions were not inconsistent with the job information in the DOT. (R. 197). So, after giving Plaintiff an opportunity to respond to the VE's opinions (R. 198), the ALJ relied on the VE's testimony to find Plaintiff not disabled. (R. 22).

Plaintiff argues that despite the VE's representation to the contrary, there was an apparent conflict between his opinions and the DOT that the ALJ failed to address. The inconsistency she alleges pertains to the three occupations' "reasoning level" requirements. Reasoning level appears in DOT job descriptions under an occupation's "General Educational Development" ("GED") level. *Zirnsak*, 777 F.3d at 616. Occupations are assigned a reasoning level between one and six, *id.*, and the occupations relevant to this case require Level 2 and Level 3 reasoning. Plaintiff contends that only Level 1 reasoning is consistent with her RFC which limits her to understanding, remembering, and carrying out only "simple instructions." Given Plaintiff's contention, the Court must determine whether a "simple instructions" limitation is inconsistent with Level 2 reasoning and, if it is, whether the ALJ's failure to address and resolve such a conflict harmed Plaintiff. The Court need not consider whether a "simple instructions" limitation is inconsistent with Level 3 reasoning because in this case the ALJ identified a significant number of jobs in the national economy even excluding the Level 3 occupation (mail clerk, DOT 209.687-026).

There is no clear consensus as to whether a "simple instructions" limitation is consistent or inconsistent with Level 2 reasoning. Level 1 reasoning requires the ability to "[a]pply commonsense understanding to carry out *simple one- or two-step* instructions," whereas Level 2 reasoning requires the ability to "[a]pply commonsense understanding to carry out *detailed but*

3

*uninvolved* written or oral instructions." *Id.*  DOT, App. C, § III, available at https://occupationalinfo.org/appendxc_1.html#III (emphasis added).  In the absence of mandatory authority, the Court finds most persuasive the United States Court of Appeals for the Eleventh Circuit's view that there is no apparent conflict between "simple instructions" and Level 2 reasoning.  *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315 (11th Cir. 2021).

In *Buckwalter*, the claimant argued that "her limitation to following only 'simple instructions'" conflicted with the Level 2 "jobs identified for her that involved following 'detailed but uninvolved instructions.'"  *Id.* at 1319.  There, as in the present matter, the VE had assured the ALJ that her testimony was consistent with the DOT.  *Id.* at 1322.  Notwithstanding that assurance, the claimant argued that the ALJ should have identified a conflict between her RFC and the Level 2 reasoning requirement.  *Id.* at 1322.  The court acknowledged a VE's assurances do not relieve ALJs of their obligation to resolve conflicts that are "apparent to an ALJ who has ready access to and a close familiarity with the DOT," *id.* at 1321, but the court further found there was no apparent conflict between the "simple" instructions limitation and the "detailed but uninvolved" instructions requirement for Level 2 reasoning.  *Id.* at 1323.  The court explained that, definitionally, "uninvolved" and "simple" are closely related.  *Id.*  Based on the similarity of those terms, the court further found that the difference between Level 1 and Level 2 reasoning is the "*length* of the instructions, with level one being limited to one- or two-step instructions, and level two not being limited in length."  *Id.*  *See Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (explaining that while "short, simple instructions" appear to conflict with Level 2 reasoning, "simple, routine repetitive tasks of unskilled work" do not because detail is more about length than complexity) (citing *Thomas v. Berryhill*, 916 F.3d 307, 313—14 (4th Cir. 2019), as amended (Feb. 22, 2019)); *see also Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010).  *But see e.g.*, *Reese v. Kijakazi*, No. CV 20-1214, 2021 WL 3930690, at *2 n.2 (W.D. Pa. Sept. 2, 2021) ("A difference between understanding, remembering and carrying out 'simple' instructions and 'detailed' instructions is significant and requires an explanation by the ALJ.").

In agreement with the analysis in *Buckwalter*, the Court finds that in this case the VE's identification of occupations that require Level 2 reasoning is not inconsistent with Plaintiff's RFC.  Further, to the extent the VE's opinions presented a possible conflict with Plaintiff's limitation to understanding, remembering, and carrying out only simple instructions, the conflict was not "so obvious" that the ALJ should have independently identified and resolved it.  *Zirnsak*, 777 F.3d at 619.  Consideration of the factors at play in *Zirnsak* counsel affirmance.  First, Plaintiff has not seriously argued that she is incapable of performing the Level 2 reasoning jobs the VE identified for her.  *See id.* at 618.  Without an earnest argument that she is unable to meet the requirements for those jobs, the Court finds the ALJ's consideration of the evidence— including Plaintiff's ability to shop for necessities, prepare simple meals, contribute to housework, and play video games (R. 16)—supports the decision.  Second, Plaintiff failed to raise the alleged inconsistency to the ALJ.  *See id.*  Finally, the occupations identified for Plaintiff were only examples rather than an exhaustive list.  *See id.*

Based on the foregoing, the Court is satisfied that the ALJ appropriately relied on the VE's opinions for her step-five determination.  As that is the only finding Plaintiff challenges

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch  
United States District Judge

ecf:   Counsel of Record

---

before the Court, the Court is satisfied that the ALJ's decision is supported by substantial evidence.  Accordingly, the Court will order summary judgment for Defendant.